UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,
    Plaintiff,

No. 1:00-cr-15-01

-v-

HONORABLE PAUL L. MALONEY

SERGIO SIFUENTES CHAVEZ,
    Defendant.

ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE

Defendant Sergio Sifuentes Chavez filed a motion for sentence reduction under 18 U.S.C. § 3582(c)(2). Defendant argues he is entitled to a reduction in his sentence pursuant to "Amendment 591."

LAW

Section 3582(c)(2) authorizes a district court to reduce a valid sentence when the defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see United States v. Gillis*, 592 F.3d 696, 699 (6th Cir. 2009). The United States Sentencing Commission adopted Amendment 591, effective November 1, 2000. USSG App. C, p. 32 (Supp. 2000). Amendment 591 modified USSG §§ 1B1.1(a), 1B1.2(a) and 2D1.2, as well as Appendix A's (Statutory Index) introductory commentary. *Id.*; *United States v. Smith*, 88 F.App'x 71, 72 (6th Cir. 2004). The Sentencing Commission explained the reason for the amendment was to address "a circuit conflict regarding whether the enhanced penalties in § 2D1.2 (Drug Offenses Occurring Near Protected Locations or Involving Underage or Pregnant Individuals) apply only in a case in which the defendant was convicted of an offense referenced to that guideline or, alternatively, in any case in which the defendant's relevant

conduct included drug sales in a protected location or involving a protected individual." USSG App. C, p. 31 (Supp. 2000).

## ANALYSIS

On January 13, 2000, an indictment naming Defendant, among others, was filed with this court. In the indictment, Defendant was charged with two counts: (1) conspiracy to possess with intent to distribute and distribute marijuana in violation of 21 U.S.C. § 846 and 841(a)(1), and (2) possession with intent to distribute and distribute approximately 1000 pounds of marijuana in violation of 21 U.S.C. § 841(a)(1). Defendant was convicted by a jury on both counts on May 26, 2000. The presentence report prepared by the probation officer calculated Defendant's base offense level as 32, under USSG § 2D1.1(c)(4), because the offense involved at least 1000 kilograms of marijuana, but less than 3000 kilograms of marijuana. Defendant's base offense level was enhanced by four points, to level 36, under § 3B1.1(a) because he was an organizer or leader of the conspiracy involving five or more participants. Defendant was sentenced on October 12, 2000 to 210 months imprisonment, as well as a period of supervised release and restitution.

Defendant's motion contains at least one significant factual error. In his motion, Defendant incorrectly asserts the amount of marijuana involved in the first count in the indictment was at least 1000 pounds and the amount of marijuana involved in the second count in the indictment was at least 500 pounds. As explained in previous paragraph, the indictment did not identify a quantity of marijuana with regard to the first count in the indictment. The second count in the indictment alleged Defendant possessed with the intent to distribute and distributed approximately 1000 pounds of marijuana. However, the jury was not asked to determine the amount of marijuana involved in order to convict Defendant on either count. (Sent. Tr. 21-22, May 25, 2000.) In the presentence

investigation report, the probation officer conservatively calculated that Defendant possessed and distributed between 3700 and 5300 pounds of marijuana. Based on the amount of marijuana involved, Defendant's base offense level, as calculated under § 2D1.1, was 32.

Defendant is not entitled to the relief he seeks. First, Defendant's base offense level was determined by USSG § 2D1.1, not § 2D1.2. Under Sixth Circuit authority, Amendment 591 does not apply to the calculation of Defendant's sentence. *See Smith*, 88 F.App'x at 72 ("First, Smith's offense level was not enhanced pursuant to § 2D1.2. Second, review of the Presentence Investigation Report indicates that Smith was sentenced in accordance with the appropriate offense guidelines. His base offense level was properly determined pursuant to USSG § 2D1.1, as listed in the Statutory Index."); *United States v. Augarten*, 84 F.App'x 564, 566 (6th Cir. 2003) ("Amendment 591 was inapplicable because Augarten's guideline sentencing range was not, in fact, calculated with reference to § 2D1.2. Augarten was convicted of conspiring to distribute or possessing with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Conspiracy to possess with intent to distribute a controlled substance is specifically covered under USSG § 2D1.1."); *see Griffin v. United States*, No. 90-30355, 2006 WL 2788010, at * 3 (E.D. Mich. Sept. 26, 2006) ("Amendment 591 cannot be utilized to modify Griffin's sentence. First, Griffin's offense level was not predicated on or enhanced pursuant to § 2D1.2, but under 2D1.1." (citing *United States v. Wright*, 161 F.App'x 800 (10th Cir. 2006) (holding that Amendment 591's changes to § 2D1.2 did not affect the defendant's sentence, since the defendant was sentenced under § 2D1.1.)). Second, the offense guideline applicable to Defendant, § 2D1.1, was determined by the statute of conviction. Amendment 591, to the extent it can be interpreted to apply to Defendant, requires the court look only to the statute of conviction for the purpose of determining the applicable

3

offense guideline; the Amendment does not require the court to look only to the statute of conviction when determining the base offense level within the applicable offense guideline. *See United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005) (per curiam); *United States v. Rivera*, 293 F.3d 584, 585-86 (2d Cir. 2002); *see also United States v. Sparacio*, 312 F.App'x 478, 479 (3d Cir. 2009); *United States v. Hurley*, 374 F.3d 38, 40-41 (1st Cir. 2004); *United States v. Shipp*, 41 F.App'x 884, 884-85 (7th Cir. 2002). In *Moreno*, a case cited by Defendant Chavez, the defendant appealed the district court's denial of his motion to reduce sentence filed under section 3582(c)(2). The defendant had been convicted of conspiracy to possess with intent to distribute and possession with intent to distribute, just like Defendant Chavez. Just like Defendant Chavez, the judge, not the jury, found the requisite drug quantity used for determining the appropriate base offense level under the applicable offense guideline. *Moreno*, 421 F.3d at at 1219. The appellate court held the sentencing court did not abuse its discretion in denying the defendant's motion. *Id.* at 1220. Unlike the Sixth Circuit opinions cited above, the Eleventh Circuit did not reject the appeal on the basis that Amendment 591 addressed sentences enhanced under § 2D1.2, rather than § 2D1.1. Instead, the court reasoned Amendment 591 did not apply because it "applies only to the selection of the relevant offense guideline, not the selection of a base offense level within the applicable offense guideline." *Id.*

For these reasons, Defendant's motion for reduction of sentence is **DENIED. IT IS SO ORDERED.**

Date:   April 2, 2010                                             /s/ Paul L. Maloney
                                                                                 Paul L. Maloney
                                                                                 Chief United States District Judge